IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DINERO CORP.,

    Plaintiff

                                                         No:    CIV 09-01014-MV/KBM

v.

AUSTIN CRUDE HOLDING COMPANY,
L.L.C., DONALD E. HIGGINS, VERNON
K. PATTERSON, FRED SAMS AND
ROYCE L. VERNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' "Motion to Determine Subject Matter Jurisdiction," which is in effect a Motion to Dismiss, filed December 9, 2009 (Doc. 18). The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court concludes that the Motion to Dismiss must be **DENIED**; this Court has diversity jurisdiction under 28 U.S.C. §1332.

I. DIVERSITY JURISDICTION OF A LIMITED LIABILITY CORPORATION

28 U.S.C. §1332 allows a United States District court to exercise jurisdiction in cases of diversity of citizenship where the amount in controversy exceeds $75,000, exclusive of costs and interest. *See* 28 U.S.C. §1332(a)-(b).[1] Here, the amount claimed in the complaint is in excess of $75,000, exclusive of costs and interest. *See* Doc. 1, pp. 1-2.

Diversity jurisdiction must be complete; it fails if any one of the defendants and plaintiffs

---

[1] "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between– (1) Citizens of different States . . . "

1

is a citizen of the same state.  *See* 28 U.S.C. §1331(a); *see also Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 389, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998); *citing Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68-69, 136 L. Ed. 2d 437, 117 S. Ct. 467 (1996); *cited by Smittle v. Fid. Brokerage Servs., LLC*, 68 Fed. Appx. 960, 961-962 (10th Cir. 2003); *see also Lohse v. Felker*, 1997 U.S. App. LEXIS 19985 at *4 (10th Cir. 1997); *quoting Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 57 L. Ed. 2d 274, 98 S. Ct. 2396 (1978) ("Diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from each plaintiff").

For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the state in which it has its principal place of business and the state in which it is incorporated.  *See* 28 U.S.C. §1332(c)(1); *see also Depex Reina 9 Partnership v. Texas Int'l Petroleum Corp.*, 897 F.2d 461, 463 (10th Cir. 1990); *see also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 908 (10th Cir. 1974).  In 1990, the Supreme Court held that the rules for determining citizenship of a corporation for purposes of diversity jurisdiction do not extend to other types of legal entities, and that if Congress intended this construction it would have indicated as much in the statute. *See C.T. Carden v. Arkoma Assoc.'s,* 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990). The Tenth Circuit has not definitively ruled on the citizenship of a limited liability company ("LLC") for purposes of the diversity statute, however the majority rule applied by circuit courts, following the logic of *Carden*, is that for diversity purposes an LLC is a citizen of every state in which its members reside.  District courts within the Tenth Circuit have followed this majority rule, although the District Court of New Mexico has no case directly on point.  *See Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 2010 U.S. Dist. LEXIS 5802, 6-8 (D. Utah 2010); *citing C.T. Carden v. Arkoma Assoc.'s,* 494 U.S. 185, 110 S. Ct. 1015, 108 L. Ed. 2d 157

(1990);[2] *see also RoDa Drilling Co. v. Zavanna*, LLC, 2009 U.S. Dist. LEXIS 54319, 3-4 (N.D. Okla. 2009) ("The Tenth Circuit has not specifically ruled on the citizenship of a limited liability company for the purposes of determining diversity jurisdiction. However, other circuits have uniformly held that a limited liability corporation is a citizen of any state of which its members are citizens; it is not a citizen of the state in which it was organized, unless one of its members is a citizen of that state"); *see also Brown Co. of Waverly, LLC v. Superior Roll Forming, Inc.*, 2009 U.S. Dist. LEXIS 110099 at *2 (W.D. Mich. 2009) ("For purposes of establishing diversity jurisdiction, a limited liability company has the citizenship of each of its members"); *see also Wagner v. Midwest Div. MMC, LLC*, 2008 U.S. Dist. LEXIS 100795 (D. Kan. 2008) ("For the purpose of diversity jurisdiction, however, an LLC is a citizen of each state of which a member is a citizen").

2. ANALYSIS

Here, Plaintiff Dinero is organized as a corporation under the laws of the State of New Mexico and has its principal place of business in Connecticut, and therefore is a citizen of New Mexico and Connecticut for diversity purposes. Plaintiff has sued Defendant Austin Crude

---

[2] "Following *Carden*, Judge Posner, in *Cosgrove v. Bartolotta*, started a domino effect of circuit courts in deciding that for the purposes of diversity, limited liability corporations are treated in the same manner as limited partnerships. Courts generally follow the *Carden* Court's reasoning that 'Congress, if it so chooses, is capable of adjusting the rules of diversity jurisdiction to account for unincorporated associations.'" *Shannon's Rainbow, LLC v. Supernova Media, Inc.*, 2010 U.S. Dist. LEXIS 5802, 6-8 (D. Utah 2010); *also citing GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 828 (8th Cir. 2004); *also citing Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006); *also citing Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004); *also citing Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004); *also citing Handelsman,* 213 F.3d 48, 51-52 (2d Cir. 2000); *also citing Homfeld II, LLC. v. Comair Holdings. Inc.*, 53 Fed. Appx. 731, 732 (6th Cir. 2002).

Holding Company, L.L.C. and its individual members Donald E. Higgins, Vernon K. Patterson, Fred Sams and Royce L. Vernon.  All parties agree that Defendant Austin Crude is organized as a limited liability company in the State of New Mexico.  *See* Doc. 33, p. 6; *see also* Doc. 18, p. 1.  However, as stated above, this does not destroy complete diversity, as the state in which an LLC is organized is not counted for purposes of diversity of citizenship; only the citizenship of an LLC's members is pertinent to the question.  In this case, Plaintiff asserts that all the members of Austin Crude are citizens of the State of Texas, and Defendants do not deny this assertion.  *See* Doc. 33, p. 6; *see also* Doc. 18.  Therefore, there is complete diversity of citizenship between the Plaintiff and the Defendants in this case.

3.  CONCLUSION

For all of the above reasons, it is appropriate that the Motion to Dismiss, entitled "Motion to Determine Subject Matter Jurisdiction," is **DENIED**.  This Court has diversity jurisdiction.

**DATED** this 19th day of May, 2010.

_____
**MARTHA VAZQUEZ
CHIEF UNITED STATES DISTRICT JUDGE**

| **Plaintiff**<br>**Dinero Corp.**<br>*as Guardian and Conservator for other*<br>Hazel L. Westenbarger | represented by **Ross L Crown**<br>Lewis and Roca LLP<br>201 Third St. NW, Suite 1950<br>PO Box 1027<br>Albuquerque , NM 87102<br>505-764-5402<br>Fax: 505-764-5463<br>Email: RCrown@LRLaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
|---|---|

| | |
|---|---|
| **Defendant**<br>**Austin Crude Holding Company, LLC** | represented by **Dale R. Rugge**<br>901 Rio Grande Blvd NW Suite G250<br>Albuquerque , NM 87104<br>(505) 243-3900<br>Fax: (505) 243-8678<br>Email: dalerugge@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James Douglas Green**<br>Rugge, Rosales & Associates, P.C.<br>901 Rio Grande Blvd., N.W.<br>Suite G-250<br>Albuquerque , NM 87104<br>505-243-3900<br>Fax: 505-243-8678<br>Email: jgreen@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**K. Stephen Royce**<br>Rugge, Rosales and Assoc. PC<br>901 Rio Grande Blvd, NW<br>#G-250<br>Albuquerque , NM 87104-7160<br>(505) 243-3900<br>Fax: 505-243-8678<br>Email: ksroyce@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Donald E. Higgins** | |
| **Defendant**<br>**Vernon K. Patterson** | represented by **K. Stephen Royce**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**
**Fred Sams**

**Dale R. Rugge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Douglas Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**K. Stephen Royce**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Royce L. Vernon**

**Dale R. Rugge**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Douglas Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**K. Stephen Royce**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*