IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DINERO CORP.,

    Plaintiff

v.                                                                    No:     CIV 09-01014-MV/KBM

AUSTIN CRUDE HOLDING COMPANY,
L.L.C., DONALD E. HIGGINS, VERNON
K. PATTERSON, FRED SAMS AND
ROYCE L. VERNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion to Stay filed December 9, 2009 (Doc. 20). The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court concludes that the Motion to Stay must be **DENIED**.

I.  THE POWER TO STAY PROCEEDINGS

Federal courts have the power to stay proceedings their own proceedings. *See Landis v. Am. Co.*, 299 U.S. 248 254 (1936). Where a federal court is considering staying its own proceedings because there is a parallel state court proceeding pending, it will do so only where it would serve an important countervailing interest. *Landis* at 813. Indeed, "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule." *Id*. at 813. In deciding whether to stay proceedings a federal court must consider several factors: (1) the inconvenience of the federal forum; (2) the desirability of avoiding piecemeal litigation, (3) the order in which jurisdiction was obtained by the concurrent forums; (4) which forum's substantive law governs

the merits of the litigation; (5) the adequacy of the state forum to protect the rights of the parties. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 815-817 (U.S. 1976); *cited by BP Am. Prod. Co. v. Kysar*, 2006 U.S. Dist. LEXIS 95181 at *11 (D.N.M. 2006); *see also Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 13, 15-16 (1983).

In considering these factors, "[n]o one factor is necessarily determinative." *See Colorado River Conservation Dist. v. United States*, 424 U.S. 800, 819 (1976); *citing Landis v. North American Co.*, 299 U.S. 248, 254-255, 57 S. Ct. 163, 81 L. Ed. 153 (1936). Further, "'abstention from the exercise of federal jurisdiction is the exception, not the rule.' [*citations omitted*] Abstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705, 112 S. Ct. 2206, 119 L. Ed. 2d 468, (1992); *quoting Colorado River* at 813.

    A.  WHETHER THE COURT HAS ASSUMED JURISDICTION OVER THE PROPERTY.

In this case, there is no property at issue, other than life insurance policies and a debt instrument (loan policy).

    B.  WHETHER THE FEDERAL FORUM IS INCONVENIENT

Defendants have not alleged that the federal forum is inconvenient, and we find it is not. The state court proceeding for which Defendants urge this Court to stay its own proceedings was filed in the First Judicial District Court, in Santa Fe, the same city in which the current case is pending. Clearly, there is no inconvenience due to location. In addition, the loan agreements which are the main underlying documents in this suit have a choice of jurisdiction clause which

stipulates that the parties will submit to the jurisdiction of this Court[1] - this clearly indicates that the respective parties did not consider this an inconvenient forum when reaching the underlying agreement.

### C.  THE AVOIDANCE OF PIECEMEAL LITIGATION

The sole justification provided by Defendants for their request for a stay of proceedings is "the interests of judicial economy and efficient use of resources."  *See* Doc. 20, para. 1. Defendants go on to say that the state action "more comprehensively addresses the issues inherent in the subject transactions between and among the federal and state parties."  *See* Doc. 20, para. 6.  This Court wonders why, if Defendants were truly concerned with judicial economy, they did not simply file for joinder of additional defendants and file a counterclaim and/or a Third Party Complaint.  As stated below, there is evidence that prior to filing in state court, Defendants were aware of the instant action, and had received notice.  It seems clear that the filing in state court was an attempt to avoid the exercise of jurisdiction by this Court.  The potential problem of piecemeal litigation was *created* by Defendants, and this Court declines to stay proceedings on that basis alone.

### D.  THE ORDER IN WHICH THE COURTS OBTAINED JURISDICTION AND THE PROGRESS OF THE TWO CASES.

As stated above, the instant federal case was filed before the state action in question.  The instant federal case was filed on October 23, 2009, prior to the state court action, which was filed on October 29, 2009 (and the amended complaint on November 20, 2009).  Defendants in this

---

[1]  A quote from the document was supplied by Plaintiffs in their Response to the Motion to Stay, and Defendants have not denied the accuracy of this quote, although neither party has produced the entire document at this stage.

case were aware that a federal action was likely to be filed, having received notice from Plaintiff prior to being served via a demand for arbitration on September 30, 2009 (in which Defendants refused to participate).  *See* Doc. 25, p. 2.  On October 23, 2009, Plaintiffs filed in this Court and sent a copy of the complaint to Plaintiff's attorney, Mr. Royce, on October 27, 2009, along with a letter asking him to accept service of process for his client; Mr. Royce refused to accept service of process for Plaintiff.  *See* Doc. 25, p. 3.  On October 29, 2009, Mr. Royce filed the complaint in New Mexico State Court (*see* Def.'s Ex. A) which Defendant claims overlaps with the instant action.  Plaintiff subsequently filed certificates of service with this Court on November 9th and 18th, 2009.

### E.  WHICH FORUM'S SUBSTANTIVE LAW GOVERNS THE MERITS OF THE LITIGATION

This Court has diversity jurisdiction over this matter.  *See* this Court's Order denying Defendants' Motion to Dismiss.  In such cases, where state claims are so related to the federal claims that they form part of the same case or controversy, federal courts may decide state law claims included in the controversy.  *See* 28 USCS § 1367(a); *see also Rivera v. Smith's Food & Drug Ctrs*., 2006 U.S. Dist. LEXIS 76760 at *21  (D.N.M. 2006).

### F.  THE ADEQUACY OF THE STATE FORUM TO PROTECT THE RIGHTS OF THE PARTIES.

This Court has no doubt that the state court would do a fine job of adjudicating this matter.  However, as stated above, federal diversity jurisdiction is appropriate.  Further, the matter was first filed in federal court, and a stay of federal court proceedings is not warranted absent "exceptional circumstances" which do not exist in the present case.  *See Colorado River Water Conservation District. v. United States*, 424 U.S. 800, 818, 96 S. Ct. 1236, 47 L. Ed. 2d

483 (1976).  Movant Defendants, being aware of the filing of this suit, could have easily moved for joinder of additional defendants and filed third-party complaints and a counterclaim in this Court.  However, they chose to file an overlapping case in state court in what appears to be an attempt to avoid jurisdiction of this Court.

II.  CONCLUSION

This Court finds that the extraordinary circumstances which would be required for this Court to stay federal proceedings in favor of state proceedings do not exist.  For all of the above reasons, it is appropriate that the Motion to Stay is **DENIED**.

**DATED** this 19th  day of May, 2010.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Plaintiff**<br>**Dinero Corp.**<br>*as Guardian and Conservator for other*<br>Hazel L. Westenbarger | represented by **Ross L Crown**<br>Lewis and Roca LLP<br>201 Third St. NW, Suite 1950<br>PO Box 1027<br>Albuquerque , NM 87102<br>505-764-5402<br>Fax: 505-764-5463<br>Email: RCrown@LRLaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

5

| | |
|---|---|
| **Defendant**<br>**Austin Crude Holding Company, LLC** | represented by **Dale R. Rugge**<br>901 Rio Grande Blvd NW Suite G250<br>Albuquerque , NM 87104<br>(505) 243-3900<br>Fax: (505) 243-8678<br>Email: dalerugge@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**James Douglas Green**<br>Rugge, Rosales & Associates, P.C.<br>901 Rio Grande Blvd., N.W.<br>Suite G-250<br>Albuquerque , NM 87104<br>505-243-3900<br>Fax: 505-243-8678<br>Email: jgreen@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**K. Stephen Royce**<br>Rugge, Rosales and Assoc. PC<br>901 Rio Grande Blvd, NW<br>#G-250<br>Albuquerque , NM 87104-7160<br>(505) 243-3900<br>Fax: 505-243-8678<br>Email: ksroyce@rugge-rosales.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Defendant**<br>**Donald E. Higgins** | |
| **Defendant**<br>**Vernon K. Patterson** | represented by **K. Stephen Royce**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**  
**Fred Sams**

**Dale R. Rugge**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**James Douglas Green**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**K. Stephen Royce**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Defendant**  
**Royce L. Vernon**

**Dale R. Rugge**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**James Douglas Green**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**K. Stephen Royce**  
(See above for address)  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*