IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DINERO CORP.,

    Plaintiff

v.

                                             No:    CIV 09-01014-MV/KBM

AUSTIN CRUDE HOLDING COMPANY,
L.L.C., DONALD E. HIGGINS, VERNON
K. PATTERSON, FRED SAMS AND
ROYCE L. VERNON,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on Defendants' Motion for Change of Venue, filed January 13, 2010 (Doc. 33). The Court has reviewed the motions, the memorandum and exhibits submitted by the parties, and the relevant authorities. The Court concludes that the Motion for Transfer of Venue must be **DENIED**.

I.  TRANSFER OF VENUE

Federal courts have the discretion to transfer the venue of a civil action to any other district or division where it may have been brought if the new venue would be more convenient for the parties and witnesses, and if the interests of justice so require. *See* 28 U.S.C. §1404. It is well established that the movant seeking transfer of venue bears the burden of demonstrating that a transfer of venue is warranted. *See Lynn v. Purdue Pharma Co.*, 2004 U.S. Dist. LEXIS 12404 at *8 (D.N.M. 2004); *citing Tex. E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *see also EEOC v. Allsup's Convenience Stores, Inc.*, 2010 U.S. Dist. LEXIS 19761 at *3 (D.N.M. 2010). As this Court has previously stated,

1

> Some of the factors that have been considered by the courts in the Tenth Circuit include: 1) the plaintiff's choice of forum, 2) the convenience of the parties, 3) the convenience of the witnesses, 4) the expense to the parties of one venue over another, 5) difficulties that may arise from congested dockets of the courts, and 6) any considerations of a practical nature that make a trial easy, expeditious, and economical.

*Lynn v. Purdue Pharma Co.*, 2004 U.S. Dist. LEXIS 12404 at *8 (D.N.M. 2004); *citing Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991); *see also Texas Gulf Sulfur v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

In this case, the movants seeking transfer of venue have supplied a one-paragraph explanation of why transfer is justified, and have cited no authority or caselaw whatsoever. *See* Doc. 33, p. 1. Movants argue that the majority of the defendants in this case reside in or around Austin Texas, and therefore a suit in Texas would be more convenient for them. In addition, Movants argue that although Plaintiff is incorporated in New Mexico, its headquarters are in Stamford, Connecticut - Movants do not explain how the adjudication of the case in Texas would be more convenient for the Plaintiff based on these facts. *Id.*, p. 1. In support of their argument, Movants claim that the majority of witnesses in this case are not located in New Mexico, yet does not claim that these witnesses are located in the State of Texas; indeed, Movants do not provide any information about the potential witnesses at all in support of their motion, but make only broad conclusory assertions. It has been well established that "[m]erely shifting the inconvenience from one side to the other ... is not a permissible jusitification for a change of venue." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992); *see also ROC, Inc. v. Progress Drillers, Inc.*, 481 F. Supp. 147, 152 (W.D. Okla. 1979); *see also EEOC v. Allsup's Convenience Stores, Inc.*, 2010 U.S. Dist. LEXIS 19761 at *4 (D.N.M. 2010).

Further, A Plaintiff's original choice of forums should be given deference. Indeed, "'unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir. 1972); *quoted by Scheidt v.* Klein, 956 F.2d 963, 965 (10th Cir. 1992); *see Archuleta v. Lacuesta*, 1996 U.S. Dist. LEXIS 21751, No. 6:95-CV-1274 at *7 (D.N.M. 1996); *see also Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 567 (10th Cir. 1978); *see also Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

The Plaintiff in this case chose this forum; moreover, the loan contract which is integral to this dispute has a choice of jurisdiction clause which stipulates that the parties will submit to the jurisdiction of this Court[1] - this clearly indicates that the respective parties did not consider this an inconvenient venue when reaching the underlying agreement, and had ample opportunity to consider expenses and other practical matters before entering into the agreement which specified this Court's jurisdiction.

II. CONCLUSION

This Court does not believe that the Texas venue is a measurably, if any, better venue than that of Santa Fe, New Mexico. For all of the above reasons, it is appropriate that the Motion for Transfer of Venue is **DENIED**.

---

[1] A quote of this clause was supplied by Plaintiffs in their Response to the Motion to Stay, and Defendants have not denied the accuracy of this quote, although neither party has produced the entire document at this stage.

**DATED** this 19th day of May, 2010.

_____
**MARTHA VAZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Plaintiff** | represented by **Ross L Crown** |
| **Dinero Corp.** | Lewis and Roca LLP |
| *as Guardian and Conservator for* | 201 Third St. NW, Suite 1950 |
| *other* | PO Box 1027 |
| Hazel L. Westenbarger | Albuquerque , NM 87102 |
| | 505-764-5402 |
| | Fax: 505-764-5463 |
| | Email: RCrown@LRLaw.com |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | |
| **Defendant** | represented by **Dale R. Rugge** |
| **Austin Crude Holding Company, LLC** | 901 Rio Grande Blvd NW Suite G250 |
| | Albuquerque , NM 87104 |
| | (505) 243-3900 |
| | Fax: (505) 243-8678 |
| | Email: dalerugge@rugge-rosales.com |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |
| | |
| | **James Douglas Green** |
| | Rugge, Rosales & Associates, P.C. |
| | 901 Rio Grande Blvd., N.W. |
| | Suite G-250 |
| | Albuquerque , NM 87104 |
| | 505-243-3900 |
| | Fax: 505-243-8678 |
| | Email: jgreen@rugge-rosales.com |
| | *LEAD ATTORNEY* |
| | *ATTORNEY TO BE NOTICED* |

                              **K. Stephen Royce**
Rugge, Rosales and Assoc. PC
901 Rio Grande Blvd, NW
#G-250
Albuquerque , NM 87104-7160
(505) 243-3900
Fax: 505-243-8678
Email: ksroyce@rugge-rosales.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**Donald E. Higgins**

**Defendant**                            represented by **K. Stephen Royce**
**Vernon K. Patterson**                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**                            **Dale R. Rugge**
**Fred Sams**                                 (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                              **James Douglas Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

                              **K. Stephen Royce**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**                            **Dale R. Rugge**
**Royce L. Vernon**                         (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Douglas Green**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**K. Stephen Royce**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*